**O'BRIEN, BELLAND & BUSHINSKY, LLC**
509 S. Lenola Road, Building 6
Moorestown, NJ 08057
(856) 795-2181
BY:    Kevin D. Jarvis, Esquire
       David F. Watkins Jr., Esquire
Attorneys for Defendant IUPAT DC 711

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAMAR MEDLEY, LUIS ESTRADA, DAVID ROLLS, JOSE LUIS CARREON, MATTHEW CHALAKEE, RAFAEL FLORES, CHARLES GREENIDGE, AND MARLON GIBBS,<br><br>                                Plaintiffs,<br><br>     v.<br><br>ATLANTIC EXPOSITION SERVICES, INC., a Corporation of the State of New Jersey; INTERNATIONAL UNION OF PAINTERS, AND ALLIED TRADES AFL-CIO CLC DISTRICT COUNCIL 711, a union and labor organization; and INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, INDUSTRY PENSION PLAN, as trustee of an E.R.I.S.A. Pension Plan,<br><br>                                Defendants. | CIVIL ACTION NO.<br><br><br><br><br><br>**NOTICE OF REMOVAL** |

**TO:**   The Honorable Judges of the
         United States District Court for the District of New Jersey

Pursuant to 28 U.S.C. §§1441 and 1446, Defendants Attorneys for Defendants International Union of Painters and Allied Trades District Council 711 ("Union") by and through their attorneys O'Brien, Belland and Bushinsky LLC, hereby remove this action

1

from the Superior Court of New Jersey, Law Division, Atlantic County to this court.  The grounds for removal are as follows:

    1.    Pursuant to Rule 10.1 (a) of the Local Civil Rules, the addresses of the main parties are as follows.

        a. Plaintiffs are represented by Timothy C. Alexander, Esquire, and William H. Tobolsky, Esquire 107 West Broadway, Salem, New Jersey 08079.

        b. The Plaintiffs' addresses are set forth in the Complaint attached hereto as Exhibit A.

        c. The Union Defendant is represented by Kevin D. Jarvis, Esquire and David F. Watkins Jr., Esquire, O'Brien, Belland & Bushinsky, LLC, 509 S. Lenola Road, Building 6, Moorestown, NJ 08057.

        d. The Union Defendant's principle union office is located at, 9 Fadem Road, Springfield, New Jersey, 07081.

        e. Defendant Atlantic Exposition Services, Inc. ("AEX") is represented by Steven W. Suflas, Esquire, Ballard Spahr, LLP, 210 Lake Drive Ast, Suite 200, Cherry Hill, New Jersey 08002.

    2.    Plaintiff commenced this case in the Superior Court of New Jersey, Law Division, Atlantic County, by filing a Complaint on September 14, 2020 under Docket No. L-003065-20.  A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

    3.    Union Defendants, Petitioner, received a copy of the Complaint by service of the filed Complaint and Summons on October 16, 2020.  That Summons and Complaint were the first pleadings and papers properly served upon Union Defendants setting forth the claims for relief upon which the current action is based.  Counsel for Union Defendant received a copy prior to formal service to the Union Defendant but never executed an acknowledgement of service to trigger the thirty-day removal clock.  See, Lee v. Cent. Parking Corp., Civil Action No. 15-454 (KM), 2015 U.S. Dist. LEXIS 177900, at *18 (D.N.J. May

28, 2015) (Informal service to defendant's attorney without a signed acknowledgement of service form is insufficient pursuant to New Jersey Court Rules 4:4-4(c) and 4:4-6 and does not trigger the thirty-day removal clock.)

4. This Notice of Removal complies with the requirements of 28 U.S.C. §1446 requiring that a defendant file its Notice of Removal within (30) days of service of the Complaint.

5. No other proceedings have been held in this current action, and the papers attached hereto as Exhibit A constitute all processes, pleadings and orders received by Union Defendant thus far in this instant matter.

6. Subject matter jurisdiction is proper in this case pursuant to 28 U.S.C. §1331 because it is an action that arises under Section 301 of the Labor Management Relations Act, 29 U.S.C. §185 thus allowing Defendant to remove this action on the basis of federal question jurisdiction pursuant to 28 U.S.C. §1441.

7. Plaintiffs are members of the Union. At all relevant times, the Union has been an unincorporated labor organization within the meaning of 29 U.S.C. 185. Further the Union and Defendant AEX are parties to a Collective Bargaining Agreement ("CBA") effective at all times relevant to this matter.

8. Section 301 of the Labor Management Relations Act, 29 U.S.C. §185 states that suits for violation of contracts between an employer and a labor organization or between labor organizations, "may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. §185 (a).

9. The applicable CBA governs all terms and conditions of employment for members of the bargaining unit such as Plaintiffs, including any alleged breach of the CBA.

10. Plaintiff identifies the CBA as a "Union Contract" in his breach of contract claim. Exhibit A, Count One.

11. Plaintiff's state law claims are inextricably intertwined with the CBA and cannot be resolved without reference to an interpretation of the provisions of the CBA in place between the Union and AEX. *See*, Int'l Brotherhood of Electrical Workers v. Hechler, 481 U.S. 851, 862 (1987)(preemptive force of §301 is so strong as to displace entirely any state law claim based on a collective bargaining agreement); Allis Chalmers Corp. v. Lueck, 471 U.S. 202, 218 (1985)(state law claim that is substantially dependent on terms of a collective bargaining agreement is preempted under §301). For these reasons, Plaintiff has alleged a cause of action for failure to enforce the terms of the CBA, which claim arises solely under federal law, this Court has original jurisdiction under 28 U.S.C. §1331, and this action may be removed to this Court as authorized by 28 U.S.C. §1441 and §1446.

12. In the Complaint, Plaintiffs are alleging that they are beneficiaries and are thus seeking damages pursuant to the Employee Retirement Income Security Act of 1974, § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ("ERISA"). Complaint Count IV. Thus, this action alleges a controversy arising out of the statutes and laws of the United States, specifically ERISA §§ 502 and 514, 29 U.S.C. §§ 1132 and 1144. The administration of an ERISA plan and matters alleged by plaintiffs are governed by said provisions of ERISA and, thus, by federal law.

13. The Union Defendant has contacted counsel for Defendant AEX who has indicated that AEX joins and/or consents to this Notice of Removal. We are without

knowledge whether Defendant Pension Plan has been served with the Summons and Complaint.

14. Defendant reserves all of its defenses to this action. Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendants must Answer or present other defenses or objections seven (7) days after the Notice of Removal is filed. Defendant has filed with this Notice of Removal, a request to extend the time in which Defendant may answer, move or otherwise respond to the Complaint.

15. As required by 28 U.S.C. §1446 (d), Defendant will give notice of this removal to Plaintiffs and Defendant AEX.

16. As required by 28 U.S.C. 1446 (d), a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey Atlantic County.

WHEREFORE, International Union of Painters and Allied Trades District Council 711 removes the above action to this Court.

                Respectfully submitted,

                **O'BRIEN, BELLAND & BUSHINSKY, LLC**
                Attorneys for Defendant IUPAT DC 711

By:  /s/ Kevin D. Jarvis, Esquire
       KEVIN D. JARVIS, ESQUIRE
       DAVID F. WATKINS JR., ESQUIRE
       509 S. Lenola Road, Bldg. 6
       Moorstown, NJ  08057
       856-795-2181/(Fax) 856-795-2182

Dated: November 10, 2020