JENNINGS SIGMOND, P.C.
Judith A. Sznyter (Bar ID: 027542004)
1835 Market Street, Suite 2800
Philadelphia, PA  19103
(215) 351-0641
Email: jsznyter@jslex.com
Attorneys for Defendant International Painters and Allied Trades Industry Pension Plan

_____

## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LAMAR MEDLEY, *et al.* | : | |
| Plaintiffs, | : : : | No. 1:20-cv-15847-NLH-KMW |
| v. | : : | |
| ATLANTIC EXPOSITION SERVICES, INC., *et al.*, | : : : | Motion Return Date: March 1, 2021 |
| Defendants. | : | |

**DEFENDANT INTERNATIONAL PAINTERS and ALLIED TRADES INDUSTRY PENSION FUND'S MEMORANDUM OF LAW IN SUPPORT OF IT'S MOTION TO DISMISS PLAINTFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................... iii
I.     **INTRODUCTION** ........................................................................................................ 1
II.    **PROCEDURAL HISTORY** ........................................................................................ 1
III.   **STATEMENT OF FACTS** .......................................................................................... 2
IV.    **LEGAL ARGUMENT** ................................................................................................ 3
   A.  **LEGAL STANDARD OF FED. R. CIV. P. 12(b)(6)** ............................................... 3
   B.  **COUNT IV HAS NO LEGAL OR FACTUAL BASIS.** ........................................... 5
V.     **CONCLUSION** ............................................................................................................ 6

# TABLE OF AUTHORITIES

Cases

*Ascroft v. Iqbal*,
  556 U.S. 662, 129 S.Ct. 1937 (2009) .................................................................................. 3, 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S.Ct. 1955 (2007) .................................................................................. 3, 4

*Benson v. Brower's Moving and Storage*,
  907 F.2d 310 (2d Cir. 1990) ..................................................................................................... 5

*Central Pennsylvania Teamsters Fund v. McCormick Dray Line, Inc.*,
  85 F.3D 1098 (3d Cir. 1996) ..................................................................................................... 5

*Challenger v. Local Union No. 1 of Int'l Bridge, Structural, and Ornamental Ironworkers*,
  619 F.2d 645 (7th Cir. 1980) .................................................................................................... 4

*Gulf Oil Corp. v. Commissioner of Internal Revenue*,
  914 F.2d 396 (3d Cir. 1990) ..................................................................................................... 5

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir.1997) .................................................................................................... 4

*Lewis v. Allegheny Ludlum Corp.*,
  2013 WL 3989448 (M.D. Pa. June 17, 2013) ......................................................................... 5

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
  998 F.2d 1192 (3d Cir. 1993) ................................................................................................... 4

*Phillips v. County of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) ..................................................................................................... 4

*Teamsters Indus. Emp. Welfare Fund v. Rolls-Royce Motor Cars, Inc.*,
  989 F.2d 132 (3d Cir. 1993) ..................................................................................................... 5

*U.S. Land Res. v. JDI Realty, LLC*,
  Civil Action No. 08–5162, 2009 WL 2488316 (D.N.J. Aug.12, 2009) ...................................... 4

Statutes

29 U.S.C. 1002(2)(A) ...................................................................................................................... 2

Rules

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 3
Fed.R.Civ.P. 12(d) ......................................................................................................................... 4

Defendant International Painters and Allied Trades Industry Pension Fund ("Pension Fund") submits this Memorandum of Law in support of it's Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) as to the Pension Fund.

## I.   INTRODUCTION

Plaintiffs Lamar Medley, Luis Estrada, David Rolls, Jose Luis Carreon, Matthew Chalakee, Rafael Flores, Charles Greenidge and Marlon Gibbs (altogether "Plaintiffs") filed suit against Atlantic Exposition Services ("AEX"), International Union of Painters, Allied Trades AFL-CIO CLC District Council 711 ("Union") and the Pension Fund.  Plaintiffs allege the following causes of action: Count I – Hybrid 301/ Breach of C.B.A, Count II – Unjust Enrichment, Count III – N.J. L.A.D., and Count IV – Failure to Account.  Defendant Pension Fund moves to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) as to the Pension Fund with respect to Count IV – Failure to Account, the only count alleged against the Pension Fund.

Plaintiffs' allegation against the Pension Fund is of a failure to account for contributions from AEX to the Pension Fund for Plaintiffs' work. Contributions to the Pension Fund are not required by the relevant collective bargaining agreement under which Plaintiffs' work is performed. Accordingly, the Complaint must be dismissed with prejudice as to the Pension Fund.

## II.   PROCEDURAL HISTORY

On September 14, 2020, Plaintiffs filed a Civil Action Complaint in the Superior Court of New Jersey, Atlantic County Civil Division, Docket No. ATL-L-003065-20,

On November 11, 2020, the Union filed a Notice of Removal of the above-captioned action in the United States District Court for the District of New Jersey and the above-captioned action was removed to the United States District Court for the District of New Jersey.

The Pension Fund was not served with the Complaint. On November 24, 2020, counsel for the Pension Fund executed a Waiver of Summons dated November 24, 2020.

### III.   STATEMENT OF FACTS

The Pension Fund will summarize the facts from Plaintiffs' complaint relevant to this motion.  Plaintiffs were employed by AEX. Complaint p. 2, ¶2.[1] AEX is party to a collective bargaining agreement ("Warehouse CBA") with the International Union of Painters and Allied Trades District Council 711. *Id*. p. 7, ¶ 42.   The Pension Fund is an employee benefit fund and "employee pension benefit plan" as defined by ERISA Section 3(2)(A) [29 U.S.C. § 1002(2)(A)]. *Id.,* p. 4, ¶ 16. Count IV of the Complaint alleges that the Pension Fund failed to account for sums received from AEX and or the Union on behalf of Plaintiffs.

By letter dated September 5, 2018, Plaintiffs, through prior counsel, wrote to the Pension Fund and requested an accounting of hours worked by Plaintiffs. *Id*. p. 6, ¶ 31-32. Counsel for the Pension Fund responded and explained that she

> "…had the Pension Fund pull the records of L. Medley and C. Greenridge to determine the basis of any benefit hours which appear in their records.  The benefit hours in records of L. Medley and C. Greenridge are unrelated to warehouse work or the Warehouse Agreement.  Rather, the benefit hours credited to L. Medley and C. Greenridge are based upon hours worked under a separate agreement, the Trade Show/Decorator Agreement. The Warehouse Agreement does not require contributions to the Pension Fund or any other ERISA benefit plan.  I further verified the [AEX] has been audited by the Pension Fund.  There were no discrepancies revealed by the audit (neither under- nor over-reporting)." *Id.*  pp. 6-7, ¶34.

---

[1] The Complaint paragraphs are not numbered consecutively and therefore the Pension Fund will refer to the page number and paragraph number.

The Warehouse CBA provides that the employer, AEX, must make payments to certain funds "in the current allocation per Article V herein, to the Pension and Annuity; …" *Watkins Cert. Exhibit C,* p. 12[2]. The allocation in Article V of the Warehouse CBA does not include any contributions to the Pension Fund, but rather provides that only wages are to be paid. *Id.*, pp. 6-9.

IV.     **LEGAL ARGUMENT**

    A.     **LEGAL STANDARD OF FED. R. CIV. P. 12(b)(6)**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court should dismiss a Complaint for failure to state a claim if the Plaintiff has failed to plead facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007). A complaint must include "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. *Twombly* further states:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 555 (internal citations omitted).

The Supreme Court has further held that "[T]he tenet that a court must accept as true all of the factual allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ascroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly,* 550 U.S. at

---

[2] Plaintiff's Complaint cites the Warehouse CBA and states that it is attached as Exhibit A. However Exhibit A to the Complaint was an "ALTA Settlement Statement". Counsel for the Union provided the Warehouse CBA as Exhibit C to the Certification of David Watkins, Jr., Esq. ("Watkins Cert.") (ECF Document 9-4). The Pension Fund has cited to the page numbers of the Warehouse CBA.

3

555). Instead, "only a complaint that states a plausible claim for relief survives a motion to dismiss. … [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 1950 (citing *Twombly,* 550 U.S. at 556).

To survive a motion to dismiss, the facts set forth in the complaint must be sufficient to "nudge[] the[ ] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570*; see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). The court need not, however, accept as true any legal conclusions set forth in a complaint. *Challenger v. Local Union No. 1 of Int'l Bridge, Structural, and Ornamental Ironworkers*, 619 F.2d 645, 649 (7th Cir. 1980).

Notwithstanding the requirements of *Twombly* and *Iqbal*, the actual terms of plan documents, as well as documents integral to the Complaint, may and must be considered under Rule 12 in ERISA cases:

> Generally, if "matters outside the pleadings are presented to and not excluded by the court" a motion to dismiss must be treated as a motion for summary judgment. Fed.R.Civ.P. 12(d). There are exceptions to this general rule. First, a court is permitted to consider documents "integral to or explicitly relied upon in the complaint" in ruling on a motion to dismiss. *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1426 (3d Cir.1997). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which [their] claim is based by failing to attach or explicitly cite them." *Id*. Second, the court may rely on "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993). Third, the court may rely on public records (if undisputed) such as criminal case dispositions, letter decisions of government agencies and published reports of administrative bodies. *Id*. at 1197. The rationale behind these exceptions is that the plaintiff is already on notice of the documents in these situations, and as such is not prejudiced by their consideration on a motion to dismiss. See *U.S. Land Res. v. JDI Realty, LLC*, Civil Action No. 08–5162, 2009 WL 2488316, at *4 (D.N.J. Aug.12, 2009).

*Lewis v. Allegheny Ludlum Corp.*, 2013 WL 3989448 at *3 (M.D. Pa. June 17, 2013).

### B.  COUNT IV HAS NO LEGAL OR FACTUAL BASIS.

In Count IV of their Complaint, Plaintiffs allege a failure of the Pension Fund to account for sums received on Plaintiffs' account. There is simply no legal or factual basis for this claim.

A pension plan is not a party to a collective bargaining agreement – it is, instead, a third-party beneficiary of the collective bargaining agreements, *Lewis v. Benedict Coal Corp.*, 361 U.S. 459, 467 (1960). Multiemployer plans must rely on the written terms of agreements submitted to them. *Benson v. Brower's Moving and Storage*, 907 F.2d 310, 314 (2d Cir. 1990) ("Our task today . . . is merely to enforce Congress' desire that benefit plans be able to rely on the written agreements presented to them."); *Central Pennsylvania Teamsters Fund v. McCormick Dray Line, Inc.*, 85 F.3D 1098, 1103 (3d Cir. 1996) (same). Unlike a focus on the intent of the parties in a dispute between the contract parties, this approach emphasizes the conclusion of *Teamsters Indus. Emp. Welfare Fund v. Rolls-Royce Motor Cars, Inc.,* 989 F.2d 132, 136 (3d Cir. 1993) *citing Gulf Oil Corp. v. Commissioner of Internal Revenue*, 914 F.2d 396, 407 (3d Cir. 1990), that " [t]o provide a measure of predictability …, the objective manifestations of intent, rather than the unknowable subjective intent of the parties, govern th[e] inquiry" into the meaning of the contract.

In this case, under the terms of the Warehouse CBA, contributions are not due from AEX to the Pension Fund for Plaintiffs' work. The Warehouse CBA provides that contributions are due from AEX to the Pension Fund "[i]n the allocation per Article V herein, …" *Watkins Cert.*, p. 12. The allocation in Article V does not provide for any contributions to be paid to the Pension Fund.

Plaintiffs previously requested an accounting from the Pension Fund, and the Pension Fund responded, explaining that "[t]he Warehouse Agreement does not require contributions to the Pension Fund…" *Complaint*, pp. 6-7, ¶34.  Review of the Warehouse CBA supports the Pension Fund's statement. The Warehouse CBA provides no contractual basis for the payment of pension contributions. Further, as a third party beneficiary, without a contractual basis in the Warehouse CBA, the Pension Fund has no obligation to enforce against AEX. As such, there have been no sums received for Plaintiffs' work under the Warehouse CBA and no accounting can be provided.

### V.   CONCLUSION

WHEREFORE, Defendant International Painters and Allied Trades Industry Pension Fund respectfully asks the Court to dismiss Plaintiffs' Complaint against it in its entirety with prejudice.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

/s/ Judith A. Sznyter
JUDITH A. SZNYTER

Date: January 25, 2021